UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>     v.<br><br>RICHARD L. BOPP,<br><br>               Defendant. | Case No.  07-5498 FDB<br><br>DETENTION ORDER |

THIS COURT conducted a detention hearing on August 15, 2007 pursuant to 18 U.S.C. §3142. The United States of America was represented by Matthew Thomas. The defendant was present and represented by his attorney, Phil Brennan. Also present was Sarah Cavendish, U.S. Pretrial Services Officer.

This Court finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of the defendant as required and safety of any other person and the community. This finding is based on (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person including those set forth in 18 U.S.C. §3142(g)(3)(A)(B); and (4) the nature and seriousness of the danger release would impose to any person or the community.

The parties proceeded at the hearing by way of proffer and argument. The court considered the following written documents: U.S. Pretrial Services Report, a supplemental oral report from Sarah

Cavendish, Motion for Detention; and the Indictment.

The Government filed a Motion for Detention invoking the rebuttable presumption against defendant under 18 U.S.C. §3142(e) based on probable cause to believe defendant committed a 10+ year drug offense.

**FINDINGS OF FACT**

The defendant is charged in the Indictment in Count I with Distribution of Oxycodone with the allegation that this occurred within 1,000 feet of a public secondary school, in Count 2 with Distribution of Oxycodone and Hydromorphone with the allegation that this occurred within 1,000 feet of a public secondary school, and in Count 3 with Possession of Oxycodone and Hydromorphone with Intent to Distribute with the allegation that this occurred within 1,000 feet of a public secondary school.  If convicted of the charges the defendant faces a maximum sentence of confinement of up to 20 years, a fine of up to one million dollars, up to three years supervised release and a $100 penalty assessment.

Mr. Bopp has strong family ties to the Western District of Washington.  He has resided in the Longview/Kelso area all of his life.  He has custody of three children, ages seven, three and two.  There is conflicting information as to who cares for the children as it appears the defendant's mother provides substantial assistance in that regard.  Of significant concern to the court was the information, provided orally by Sarah Cavendish, that two active buys were from the defendant's residence as well as a report of a substantial number of people going in and out of the defendant's residence.  The allegations of selling drugs from his home while the defendant has custody of his three young children creates a significant concern to the court - not only with regard to the safety of the community but also the safety of the three young children.

When Mr. Bopps home was searched in March 2007 agents found stolen property, $8,000 in cash and $5,000 in a safety deposit box.  The source of these funds is not from gainful employment as the defendant states he has never been employed due to several mental health issues.  His only admitted source of income is $400/month from Social Security and through limited sales on Ebay.

The information regarding the defendant's mother does not support a finding that she would be an appropriate third party custodian of the defendant as she has significant criminal history as well.  While she offered to post $10,000 bail, her income is limited to Social Security as well so the source of that money is

Detention Order
Page - 2

also called into question.

In addition, it appears that the defendant has substance abuse problems and has friends who are drug users.

Mr. Bopp has a limited criminal history with the last conviction occurring in 2000 and none of his convictions are drug related.

For purposes of this hearing this court finds that the defendant presents as a serious risk to the safety of the community at large as well as his children and that the defendant has failed to rebut the presumption of detention.

**ORDER OF DETENTION**

The defendant shall be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

The defendant shall be afforded reasonable opportunity for private consultation with counsel.

The defendant shall on order of a court of the United States or on request of an attorney for the Government, be delivered to a United States marshal for the purpose of an appearance in connection with a court proceeding.

DATED this 15th day of August, 2007.

/s/ Karen L. Strombom
Karen L. Strombom
U.S. Magistrate Judge